IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,725-01






EX PARTE DEMARCUS DONTRELL RIDGE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2006-603-C2 IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to sixty years' imprisonment. The Tenth Court of Appeals affirmed his conviction. Ridge
v. State, No. 10-07-00379-CR (Tex. App.-Waco 2009, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to
respond to Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 20, 2010

Do not publish